IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES T. LOUGHNER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 22-245 ) |
| KILOLO KIJAKAZI, *Acting Commissioner of Social Security*,[1] | ) ) ) ) |
| Defendant. | ) |

ORDER

AND NOW, this 23rd day of March 2023, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 12) filed in the above-captioned matter on July 27, 2022,

IT IS HEREBY ORDERED that the Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 10) filed in the above-captioned matter on June 27, 2022,

IT IS HEREBY ORDERED that Plaintiff's Motion is GRANTED insofar as he has sought remand for further administrative proceedings. Accordingly, this matter is hereby remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g).

**I.    Background**

Plaintiff protectively filed applications for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act ("Act"), 42 U.S.C. § 401 *et seq.*, and supplemental security income ("SSI") pursuant to Title XVI of the Act, 42 U.S.C. § 1381 *et seq.*, on May 24, 2019. (R. 15). Plaintiff sought a hearing after his applications were initially denied and appeared telephonically for a hearing before an Administrative Law Judge ("ALJ") on January 15, 2021.

---

[1]     The Clerk is directed to amend the caption to reflect that Kilolo Kijakazi is the Acting Commissioner of Social Security.

1

(*Id.*).  On March 17, 2021, the ALJ found Plaintiff to be not disabled and denied his DIB and SSI applications.  (R. 25—26).  Plaintiff sought review before the Appeals Council.  (R. 1).  Upon the Appeals Council's denial of Plaintiff's request for review, the ALJ's decision became the final, reviewable decision in this matter.  20 C.F.R. §§ 404.981, 416.1481.  Plaintiff has challenged the decision before the Court and has asked the Court to remand this matter for further administrative proceedings.

**II.     Standard of Review**

The Court reviews the ALJ's fact finding for "substantial evidence."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019) (quoting 42 U.S.C. § 405(g)).  The Court's review is plenary with respect to legal issues.  *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is "more than a mere scintilla," that is, "such relevant evidence as a reasonable mind might accept as adequate."  *Biestek,* 139 S. Ct. at 1154 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  It is essential to the courts' review of an ALJ's decision for substantial evidence that the decision provides "at least a glimpse into [the ALJ's] reasoning."  *Gamret v. Colvin*, 994 F. Supp. 2d 695, 698 (W.D. Pa. 2014) (citing *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001)).  An ALJ must "build an accurate and logical bridge between the evidence and the result."  *Id.* (quoting *Hodes v. Apfel*, 61 F. Supp. 2d 798, 806 (N.D. Ill. 1999)).  If an ALJ fails in this regard, a reviewing court may not rely on its own independent review of a claimant's record to affirm the ALJ's decision.  *Fargnoli v. Massanari*, 247 F.3d 34, 44 n.7 (3d Cir. 2001).

An ALJ evaluates alleged disability using a five-step evaluation.  20 C.F.R. §§ 404.1520(a)(1), 416.920(a)(1).  Pursuant thereto:

> The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity [("SGA")]; (2) if not, whether

> the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity [("RFC")].

*Edwards v. Berryhill*, No. CV 16-475, 2017 WL 1344436, at *1 (W.D. Pa. Apr. 12, 2017) (citing 20 C.F.R. § 404.1520). Before an ALJ asks, at steps four and five, whether a claimant is capable of returning to past relevant work or adjusting to other, adequately available work, the ALJ must first formulate the claimant's RFC. 20 C.F.R. §§ 404.1545(a)(5), 416.945(a)(5). A claimant's RFC "is the most [he or she] can still do despite [his or her] limitations." *Id.* §§ 404.1545(a)(1), 416.945(a)(1). It must be "based on all the relevant evidence in [a claimant's] case record." *Id.* And it must include all proven functional limitations, including limitations that are attributable to medically determinable impairments that are not severe. *Id.* §§ 404.1545(a)(2), 416.945(a)(2).

### III.     The ALJ's Decision

In his decision finding Plaintiff to be not disabled, the ALJ first found Plaintiff had not engaged in SGA since his alleged onset date in July 2016. (R. 17). Plaintiff had some income from work activity during the relevant period, but it did not reach substantial-gainful-activity levels. (*Id.*). The ALJ's next finding was that Plaintiff had eight severe, medically determinable impairments: "chronic obstructive pulmonary disease, left hand impairment, chronic back pain, generalized anxiety disorder, major depressive disorder, bipolar disorder, antisocial personality disorder, and cannabis dependence." (R. 18). Here, at step two of the five-step evaluation, the ALJ also discussed Plaintiff's left upper extremity deep vein thrombosis, varicose veins, and Plaintiff's alleged hearing problem. (*Id.*). He determined Plaintiff's left upper extremity deep

vein thrombosis and varicose veins were medically determinable impairments but non-severe. (*Id.*).  For Plaintiff's alleged hearing difficulty, the ALJ found that "medical evidence [did] not show any objective testing to substantiate [his] allegation of hearing problems," nor did "physical examinations . . . show any problems with hearing." (*Id.*).  Accordingly, the ALJ found Plaintiff's alleged hearing problem did not affect his "ability to perform basic work activities." (*Id.*).

At step three of the five-step evaluation, the ALJ found Plaintiff had no impairments that met or equaled criteria for a presumptively disabling impairment. (*Id.*).  He specifically considered 1.00 Musculoskeletal Disorders, 3.00 Respiratory Disorders, and 11.00 Neurological Disorders. (*Id.*).  Having decided Plaintiff did not have a presumptively disabling impairment at step-three, the ALJ formulated Plaintiff's RFC to assess Plaintiff's ability to either return to past work (step four) or adjust to other work (step five). (R. 20—24).  The ALJ here found Plaintiff to be capable of a reduced range of light work and specified a number of appropriate limitations, including: "no climbing ladders, ropes, and scaffolds"; "occasional left upper extremity handling, fingering, and feeling"; limitation to "SVP 1 and 2 jobs, consisting of simple, routine, and repetitive tasks, and involving only simple, work-related decisions"; "occasional interaction with the public"; and "frequent interaction with coworkers and supervisors." (R. 20).  With this RFC, the ALJ found Plaintiff could not perform past relevant work (R. 24); however, the ALJ further found Plaintiff's RFC, age, education, and work experience would permit adjustment to work as a "laundry sorter" and "cleaner." (R. 25).  Because this alternative work existed in adequate numbers nationally, the ALJ found Plaintiff had not "been under a disability" from his alleged onset date through the date of decision. (*Id.*).

4

IV.     Legal Analysis

Plaintiff has argued the ALJ's decision cannot be found to be supported by substantial evidence because the ALJ failed to address evidence of headaches and migraines in his consideration of evidence relevant to the RFC.  Plaintiff has also argued the ALJ failed to adequately explain how he considered certain medical opinion evidence relevant to the interaction limits that were included in the RFC.  The Court has considered Plaintiff's arguments and will order the remand of this matter primarily for further consideration of headache and migraine evidence.

An ALJ must "hear and evaluate all relevant evidence in order to determine whether an applicant is entitled to disability benefits." *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981).  An ALJ's adequate consideration of the record should be shown by a decision that includes "a clear and satisfactory explication of the basis on which it rests." *Id.*  By that, the Court does not mean to suggest an ALJ's decision must include an exhaustive review of the evidence in a claimant's record. *Fargnoli*, 247 F.3d at 42.  Disability claimants' records are often substantial, and it would be impractical to demand that ALJs "reference . . . every relevant treatment note." *Id.*  An adequate explanation of an ALJ's decision includes: (1) reference to enough evidence to support the ALJ's findings, and (2) an acknowledgment of relevant evidence that was rejected with a legitimate reason for its rejection. *See Cotter*, 642 F.2d at 705—06.  Expedient as it may be a reviewing court may not correct an ALJ's "failure to consider all of the relevant and probative evidence" by reference to its own consideration of overlooked evidence. *Fargnoli*, 247 F.3d at 44 n.7.

In this matter, the ALJ is alleged to have overlooked evidence of Plaintiff's headaches and migraines.  The Court has found the allegation to be borne out by Plaintiff's record and the

5

ALJ's decision. The ALJ's decision contains only two brief references to headaches and/or migraines. First, at step-three of the five-step evaluation, the ALJ alluded to his consideration of listed neurological disorders. (R. 18). Without discussing any evidence specifically, the ALJ decided Plaintiff's "impairments [were] not accompanied by the objective signs, symptoms, or findings, nor the degree of functional restriction necessary to meet or equal" criteria for neurological or other listed impairments. (*Id.*). The second reference to Plaintiff's headaches was the ALJ's mention of Plaintiff's testimony that he "experienced headaches once or twice a week." (R. 21). These brief references to headache and migraine evidence in Plaintiff's record are insufficient to permit a finding that the ALJ's decision is supported by substantial evidence.

In addition to testifying that he had weekly headaches, Plaintiff also testified that he had severe migraines approximately every three to six months that interfered with his ability to see or walk. (R. 51—52). When he experienced a severe migraine, he indicated he went to the hospital for a medicinal "cocktail." (*Id.*). Plaintiff's medical records at least partially corroborate his testimony insofar as they show he went to the Sharon Regional Medical Center in December 2018 and January 2020 for a "migraine cocktail plus Decadron" to address a persistent headache. (R. 732—33, 749—51). This evidence was relevant to Plaintiff's alleged headaches and migraines, and it should have been addressed by the ALJ.

Defendant has argued that the ALJ did not err in overlooking evidence relevant to Plaintiff's headaches and migraines because evidence the ALJ is alleged to have overlooked shows Plaintiff's neurological condition was unremarkable and that he was not functionally limited by his headaches and migraines. For instance, Defendant has pointed out that records show Plaintiff's cranial nerves were normal (*see e.g.*, R. 381, 385, 396) and evidence that Plaintiff did not report disabling headaches/migraines to the Consultative Examiner who

6

evaluated him (R. 679—80).  To the extent Defendant's argument is that any error to find Plaintiff's headaches/migraines were severe impairments at step two was likely harmless, the Court agrees.  *Salles v. Comm'r of Soc. Sec.*, 229 Fed. Appx. 140, 145 n.2 (3d Cir. 2007).  However, the Court is not persuaded by Defendant's argument that it should leave the ALJ's decision untouched because Plaintiff's record shows no functional limitations arose from his headaches and/or migraines.  The evidence in Plaintiff's record may very well support a finding that Plaintiff's headaches and/or migraines caused no functional limitations; however, such an analysis does not appear in the ALJ's decision, and this Court will not find a decision to be supported by substantial evidence by reference to an analysis that does not appear in the ALJ's decision itself.  *See Fargnoli*, 247 F.3d at 44 n.7.  Accordingly, the Court will remand this matter for further consideration of Plaintiff's alleged disability.[2]

---

[2]  Having determined that remand is necessary for further consideration of the record, the Court here only briefly addresses Plaintiff's other argument that the ALJ erred in his evaluation of the psychological medical opinion and findings evidence.  Plaintiff's argument in this regard is that the ALJ did not adequately explain how his consideration of opinion and prior administrative medical findings evidence led to the RFC finding.  The ALJ considered M.A. Gina Lombardi's opinions that Plaintiff had moderate limitation in interacting appropriately with the public, supervisors, and co-workers.  (R. 677).  He also considered findings offered by State agency reviewing psychologists, Dr. Virginia C. Martin and Dr. Sharon Becker Tarter, that Plaintiff was "Moderately limited" in his interactions with the "general public," his "ability to accept instructions" and "criticism from supervisors," and in his ability to "get along with coworkers . . . without distracting them or exhibiting behavioral extremes."  (R. 86, 121).  The ALJ found all these opinions to be "persuasive."  (R. 23).  Plaintiff has pointed out that all these opinions appear to support the same degree of limitation for Plaintiff's interactions with three categories of people: the public, coworkers, and supervisors.  However, the ALJ formulated Plaintiff's RFC to be more limited with respect to interactions with the public (occasional) than in interactions with coworkers and supervisors (frequent).  (R. 20).

It is certainly possible that the ALJ's consideration of all the relevant evidence led him to conclude that Plaintiff was more limited in his interaction with the public than with coworkers and supervisors.  However, it is concerning that the ALJ does not appear to have explained how he arrived at such a determination.  Reviewing courts must be given "at least a glimpse into" an ALJ's reasoning to fulfill their reviewing function.  *Gamret*, 994 F. Supp. 2d at 698.  And as the Court has repeated throughout this Order, where there are gaps in an ALJ's reasoning, reviewing

V.    Conclusion

Based on the foregoing, the Court cannot find that the ALJ's decision is supported by substantial evidence. The Court does not suggest remand will necessarily lead to a different outcome. *Bryan S. v. Kijakazi*, No. 3:20-CV-11145, 2022 WL 2916072, at *8 (D.N.J. July 25, 2022) ("[R]emand of the matter for further consideration is appropriate even if, upon further examination of these issues, the ALJ again concludes that Plaintiff is [not] entitled to benefits."). But the lack of adequate consideration of relevant evidence in Plaintiff's record requires remand. Accordingly, the Court remands this matter to the Acting Commissioner for proceedings consistent with the Order.

s/ Alan N. Bloch<br>United States District Judge

ecf:    Counsel of Record

---

courts may not fill them with their own review of records. *Fargnoli*, 247 F.3d at 44 n.7. A finding of Plaintiff's RFC on remand should therefore include a clear explanation of how evidence in Plaintiff's record led to the limitations included therein.